UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KAREN J. HUNTER, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-11-2966 |
| | § | |
| CITIMORTGAGE, INC., | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

### I.      Introduction

Pending before the Court is the defendant's, CitiMortgage, Inc., motion to dismiss pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6) (Docket Entry No. 4).  The plaintiff, Karen J. Hunter, filed a response (Docket Entry No. 12), to which the defendant filed a reply that included an additional motion to strike the plaintiff's response as untimely (Docket Entry No. 13).  After having carefully reviewed the motions, the responses, the record and the applicable law, the Court grants both of the defendant's motions.

### II.      Factual Background

This case concerns a mortgage foreclosure dispute.  On December 14, 1999, the plaintiff executed a promissory Note and Deed of Trust in favor of Cornerstone Mortgage Company, encumbering real property located at 6514 Point Clear Drive, Houston, Harris County, Texas 77069.  On January 14, 2000, Cornerstone assigned its interest in the Note and Deed of Trust to the defendant, and that assignment was filed in the Harris County Clerk's office.  For an unspecified period of time, the plaintiff regularly made payments to the defendant.  After the plaintiff eventually defaulted on her mortgage, the defendant initiated foreclosure proceedings.

On July 21, 2011, the plaintiff's counsel sent the defendant a notice letter pursuant to the Fair Debt Collection Practices Act ("FDCPA"), requesting that the defendant validate the plaintiff's debt to it.  On July 22, 2011, the plaintiff's counsel sent the defendant a Notice of Violation of Deed of Trust and Texas Property Code Prior to Foreclosure.  On July 26, 2011, the plaintiff filed suit in state court.  On July 29, 2011, the defendant responded to the plaintiff counsel's letter from July 21, including copies of the original Note and Deed of Trust.  Then, the defendant timely removed the case to this Court, which has jurisdiction pursuant to 28 U.S.C. § 1332.

## III.    Contentions of the Parties

### A.    The Plaintiff's Contentions

The plaintiff contends the defendant has not shown that it is the current holder of the Note and Deed of Trust, and that it thus lacks the authority to foreclose.  She maintains that the Federal National Mortgage Association ("Fannie Mae") is the current holder of the Note.  She asserts claims for breach of contract, wrongful foreclosure and FDCPA[1] violations.  She seeks declaratory relief, damages and a permanent injunction from foreclosure.  In her response, she asserts related state law claims and asks alternatively for leave to amend her complaint.

### B.    The Defendant's Contentions

The defendant contends that it is the current holder of the Note and Deed of Trust.  It avers that the plaintiff has failed to establish the requisite elements of her breach of contract, wrongful foreclosure and FDCPA claims.  It asserts that the plaintiff lacks standing to challenge the defendant's interest in the loan.  It maintains that because her primary claims fail, her claims for declaratory and injunctive relief and attorney's fees also fail because they are remedial claims, dependent upon a viable cause of action.

---

[1] 15 U.S.C. § 1692, *et seq*.

IV.     **Standards of Review**

A.      **Rule 8**

The sufficiency of a complainant's pleading under Rule 8 may also be challenged pursuant to a Rule 12(b)(6) motion to dismiss for failure to state a claim.  *See Bank of Abbeville & Trust Co. v. Commonwealth Land Title Ins. Co.*, No. 05-30976, 2006 WL 2870972, * 2 (5th Cir. Oct. 9, 2006) (citing Wright & Miller, *supra*, § 1203 (3d ed. 2004) ("[T]he form and sufficiency of a statement of a claim for relief under Rule 8(a)(2) may be tested by a motion to dismiss for failure to state a claim upon which relief can be granted, Rule 12(b)(6) . . . .")).  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only that a complaint include "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the  . . . claim is and the grounds upon which it rests.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A dismissal is appropriate, however, only if the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555.

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly*, 550 U.S. at 556).

> **B.    Rule 12(b)(6)**

A defendant may to move to dismiss a plaintiff's complaint for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6).  Under the requirements of a Rule 12(b)(6) motion, "[t]he plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)).  Dismissal is appropriate only if, the "[f]actual allegations [are not] enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted).  Moreover, in light of Federal Rule of Civil Procedure 8(a)(2), "[s]pecific facts are not necessary; the [allegations] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*per curiam*) (quoting *Twombly*, 550 U.S. at 555).  Even so, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly* at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

More recently, in *Ashcroft v. Iqbal*, the Supreme Court expounded upon the *Twombly* standard, reasoning that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly* at 570).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949 (citing *Twombly* at 556). "But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged--but it has not 'show[n]'--'that the pleader is entitled to relief.'" *Ashcroft* at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Nevertheless, when considering a 12(b)(6) motion to dismiss, a court's task is limited to deciding whether the plaintiff is entitled to offer evidence in support of his claims, not whether the plaintiff will eventually prevail. *See Twombly* at 563 n.8 (citing *Scheuer* 416 U.S. at 236); *see also, Greninger*, 188 F.3d at 324.

## V.      Analysis and Discussion

The Court grants both of the defendant's motions. At the outset, regarding the defendant's motion to strike, the plaintiff filed an untimely response to the defendant's motion to dismiss. The defendant filed its motion to dismiss on August 23, 2011. According to the Court's local rules, the plaintiff's response was due by September 13, 2011.[2] The plaintiff did not file its untimely response until October 19, 2011. Accordingly, the Court grants the defendant's motion to strike.[3] Next, for the reasons set forth below, the Court grants the defendant's motion to dismiss.

---

[2] Responses to motions are due within twenty-one days unless the time is extended. S.D. Tex. L.R. 7.3. A failure to respond is "taken as a representation of no opposition." S.D. Tex L.R. 7.4. Nevertheless, "[a] motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 n.3 (5th Cir. 1995) (citing *Hibernia Nat'l Bank*, 776 F.2d at 1279). To this end, the defendants, as "[t]he movant[s have] the burden of establishing the absence of a genuine issue of material fact and, unless [they have] done so, the court may not grant the motion, regardless of whether any response was filed." *See Hetzel*, 50 F.3d at 362 n.3. However, in determining whether to grant a movant's motion, a district court may accept as undisputed the facts set forth in that motion. *See Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988) (internal citations omitted).

[3] Accordingly, the Court denies the plaintiff's alternative motion to amend her complaint, which was included in her response.

### A.    Breach of Contract

The Court grants the defendant's motion to dismiss regarding the plaintiff's breach of contract claim because she has failed to allege sufficient facts to support that claim.  To prevail on a breach of contract claim, a plaintiff must show: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained as a result of the breach.  *Valero Mtkg. & Supply Co. v. Kalama Int'l*, 51 S.W.3d 345, 351 (Tex. App. – Houston [1st Dist.] 2001, no pet.) (internal citation and emphasis omitted).

The plaintiff has not alleged facts showing that she performed on the contract, and she has not pled facts showing that the defendant breached the contract.  The Court disagrees with the plaintiff's contention that defendant had to post and record notice of its intended foreclosure sale by filing such notice with the County Clerk and ensuring that it was recorded.  In construing a contract, the Court "must examine and consider the entire writing 'in an effort to harmonize and give effect to all provisions of the contract so that none will be rendered meaningless.'" *Grohman v. Kahlig*, 318 S.W.3d 882, 887 (Tex. 2010) (quoting *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 662 (Tex. 2005)).  Courts must be particularly wary of considering a single phrase or term apart from the rest of the sentence or provision.  *State Farm Life Ins. Co. v. Beaston*, 907 S.W.2d 430, 433 (Tex. 1995) (internal citations omitted).  Rather, contractual provisions should be read in context, so that courts can avoid construing contracts in a manner that would lead to an absurd result.  *Rodriguez v. Villarreal*, 314 S.W.3d 636, 645 (Tex. App. – Houston [14th Dist.] 2010, no pet.) (citing *Lane v. Travelers Indem. Co.*, 391 S.W.2d 399, 402 (Tex. 1965)).

With these principles in mind, the Court turns to the contested portion of the Deed of Trust.  Section 21 of the Deed of Trust states:

> If Lender invokes the power of sale, Lender or Trustee shall give notice of the time, place and terms of sale by posting and recording the notice at least 21 days prior to sale *as provided by applicable law.*

(emphasis added).  The plaintiff focuses solely on the "posting and recording" portion of that section, without accounting for the "as provided by applicable law" section.  The "applicable law" can be found at Texas Property Code § 51.002(b):

> notice of the sale, which must include a statement of the earliest time at which the sale will begin, must be given at least 21 days before the date of the sale by: (1) *posting* at the courthouse door of each county in which the property is located a written notice designating the county in which the property will be sold; (2) *filing* in the office of the county clerk if each county in which the property is located a copy of the notice posted under Subdivision (1); and (3) *serving* written notice of the sale by certified mail on each debtor who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt.

(emphasis added).  The Property Code does not require the mortgagee or its servicer to "record" the notice of sale, at least not in the manner that the plaintiff appears to suggest.  The plaintiff's interpretation of Section 21 would run afoul of the plain language of Section 21 of the Deed of Trust.  *See Nevels v. Harris*, 102 S.W.2d 1046, 1049-50 (Tex. 1937) (contracts must be construed to comport with legality and parties must be presumed to obey the law).

Because the defendant complied with the Deed of Trust and applicable law's strictures, it has the right to foreclose.  While the plaintiff claims that Fannie Mae holds the Note, the only evidence she offered for that contention was a document stating that Fannie Mae "owns *a* loan" (emphasis added) associated with the disputed property.  The plaintiff has not sufficiently shown that the Fannie Mae loan is the currently contested mortgage subject to the Note and Deed of

Trust.  Meanwhile, the defendant has produced copies of the Note[4] and Deed of Trust, as well as an assignment of those documents from Cornerstone to the defendant. With no facts pled to gird the plaintiff's breach of contract allegation, the Court grants the defendant's motion to dismiss that claim.[5]

### B.      Wrongful Foreclosure

The Court grants the defendant's motion regarding the plaintiff's wrongful foreclosure claim.  Wrongful foreclosure only occurs when a foreclosure sale is improperly conducted and results in recovery of an inadequate price for the foreclosed property.  *Rodriguez v. Ocwen Loan Serv., Inc.*, No. CV H-07-4546, 2008 WL 239652, *2 (S.D. Tex. Jan. 29, 2008), *aff'd per curiam*, 306 Fed. Appx. 854 (5th Cir. 2009); *Peterson v. Black*, 980 S.W.2d 818, 823 (Tex. App. – San Antonio, 1998).  No foreclosure sale has occurred in this case, and the Court thus grants the defendant's motion to dismiss this claim.

### C.      FDCPA

To the extent that the plaintiff is asserting an FDCPA claim, the Court grants the defendant's motion to dismiss it because the defendant is not a "debt collector" under that statute.  The FDCPA defines a "debt collector" as:

> any person who uses instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

15 U.S.C. § 1692(a).  However, the FDCPA specifically excludes mortgage servicers, such as the defendant, who receive a loan prior to default.  *Perry v. Stewart Elk Co.*, 756 F.2d 1197, 1208

---

[4] The plaintiff admits this fact in her paragraph 13 of her response.  Although the Court has stricken her response, this portion of her response is indicative that this fact is uncontested.

[5] Furthermore, the plaintiff's claim that the defendant lacks the right to enforce the Note and Deed of Trust stands in direct contradiction to her argument that the defendant breached those agreements.  If the defendant is not a party to the Note or Deed of Trust, it cannot have breached those agreements.

(5th Cir. 1985) (noting that the "legislative history of section 1692(a)(6) indicates conclusively that a debt collector does not include . . . a mortgage servicing company . . . as long as the debt was not in default at the time it was assigned.").  The plaintiff admits that, for an unspecified period of time, she regularly made payments to the defendant and was thus presumably not in default when her debt was assigned to the defendant.  Consequently, the plaintiff's FDCPA claim fails as a matter of law.

### D.        Injunctive and Declaratory Relief and Attorney's Fees

The Court grants the defendant's motion to dismiss regarding injunctive and declaratory relief and attorney's fees.  These three claims are remedial in nature, and are therefore dependent on the plaintiff's assertion of a viable cause of action.  *See VRC LLC v. City of Dallas*, 460 F.3d 607, 611 (5th Cir. 2006) (internal citation omitted) (a plaintiff seeking a permanent injunction must establish, *inter alia*, success on the merits of his claim); *Collin County, Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990) (declaratory judgment actions are remedial only); *Green Int'l v. Solis*, 951 S.W.2d 384, 390 (Tex. 1997) (internal citation omitted) (regarding attorney's fees).

## VI.    Conclusion

Based on the foregoing discussion, the Court grants both of the defendant's motions.

It is so **ORDERED**.

SIGNED at Houston, Texas this 7th day of March, 2012.

_____
Kenneth M. Hoyt
United States District Judge